JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | EDCV 14-00626 JVS (FFMx) | Date | May 8, 2014 |
|---|---|---|---|

| Title | U.S. Bank National Association v. Elizabeth Flores, et al. |
|---|---|

| Present: The Honorable | James V. Selna |
|---|---|

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS)**   **Order Remanding Action to San Bernardino County Superior Court and Vacating Hearing**

This unlawful detainer action was originally filed by Plaintiff U.S. Bank National Association ("U.S. Bank") in San Bernardino County Superior Court. (Docket No. 1 at 17.) Defendants Elizabeth Flores and Christina Salazar, who appear pro se, filed a Notice of Removal in this Court on March 31, 2014. U.S. Bank has moved to remand. (Docket No. 5.) Defendants have filed no timely opposition. Because the Court lacks subject-matter jurisdiction over the present action, the Court remands this case to San Bernardino County Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The Court's subject-matter jurisdiction may be premised on the presence of a federal question, or it may be premised on diversity jurisdiction. 28 U.S.C. §§ 1331-1332. As the proponent of the Court's jurisdiction, a removing defendant bears the burden of establishing it. Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006).

The Notice of Removal refers to the Court's bankruptcy jurisdiction; however, the present action is a straightforward unlawful detainer action proceeding under state law. (See Notice of Removal at 17-20.) As such, it does not arise under Title 11 of the United States Code, and the Court's bankruptcy jurisdiction does not apply. Cf. 28 U.S.C. § 1334(a) (providing for the Court's jurisdiction for cases arising under Title 11).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   EDCV 14-00626 JVS (FFMx)                    Date   May 8, 2014

Title      U.S. Bank National Association v. Elizabeth Flores, et al.

 

     Additionally, the Notice of Removal refers to Defendants' federal constitutional right to due process of law.  (Notice of Removal at 2-4.)  However, as noted, this action is a straightforward unlawful detainer action proceeding under state law.  At best, Defendant relies upon federal defenses to a state-law claim.  The assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal-question jurisdiction.  See Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (setting forth the"well-pleaded complaint rule").  Therefore, the Court has no federal question jurisdiction.

     Defendants' citation to the statutory provision authorizing removal of civil rights cases does not alter this result.  (See Notice of Removal at 8.)  Section 1443(1) permits defendants to remove civil actions "[a]gainst any person who is denied or cannot enforce in the [state court] a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  28 U.S.C. § 1443(1).  "A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788-92, 794-804 . . . (1966) and City of Greenwood v. Peacock, 384 U.S. 808, 824-28 . . . (1966)."  Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006).  In order to satisfy the first part of the test, petitioners must assert as a defense "'rights that are given to them by explicit statutory enactment protecting equal racial civil rights.'"  Id. at 999 (citing California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970)).  The statutory enactment must provide "'for specific civil rights stated in terms of racial equality.'"  Johnson v. Mississippi, 421 U.S. 213, 220 (1975) (quoting Rachel, 384 U.S. at 792).  To satisfy the second part of the test, "'petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.'"  Patel, 446 F.3d at 999 (quoting Sandoval, 434 F.2d at 636).

     Defendants' claims here do not meet this standard.  Defendants state that California Civil Code § 2924, the California non-judicial foreclosure statute, meets this standard.  However, Defendants do not contend that enforcement of this statute will deny them civil rights that are predicated upon racial equality.  (See Notice of Removal at 8.)  Instead, Defendants contend that § 2924 interferes with "their equal rights to contract for and secure real property," as well as their "equal access to the courts and to due process of

---

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    EDCV 14-00626 JVS (FFMx)                    Date    May 8, 2014

Title       U.S. Bank National Association v. Elizabeth Flores, et al.

law." (Id.)  Therefore, under this standard, removal is improper.

     Nor does the present action meet the requirements of diversity jurisdiction, which require that Plaintiff be a citizen of a different state than are Defendants, and that the amount in controversy exceed $75,000.  See 28 U.S.C. § 1332(a)(1).  Here, the amount in controversy is expressly limited to an amount not exceeding $10,000.  (Docket No. 1 at 17.)  Thus, the Court lacks diversity jurisdiction as well.

     Moreover, in the absence of a federal question, where the Court's jurisdiction is premised on diversity of citizenship, a removing defendant may not be a resident of the forum state.  Here, the record reflects that Plaintiff lives within the district. (Docket No. 1 at 1.)  Thus, Defendants are clearly forum defendants who lack the ability to remove a state-court action in the absence of a federal question. See 28 U.S.C. § 1441(b).

     Because the Court lacks subject-matter jurisdiction over this action, the Court hereby remands the present action to the San Bernardino County Superior Court.  Remand is also appropriate because Defendant is a forum defendant who may not remove an action to federal court.

     Because the Court finds that oral argument would not be helpful to the resolution of the present matters, the Court vacates the hearing set for May 12, 2014.  See Fed. R. Civ. P. 78; Local Rule 7-15.

     **IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |